**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **GARY WAYNE WILEY II, #281310,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | **No.3:15-cv-0885** |
| | **)** | |
| **PAMELA MYATT-LEWIS *et al.*,** | **)** | **Judge Nixon** |
| | **)** | |
| **Defendants.** | **)** | |

**ORDER**

Plaintiff Gary Wayne Wiley II, a state prisoner in the custody of the Tennessee Department of Correction, has filed a civil rights complaint under 42 U.S.C. § 1983 against various defendants, seeking damages for wrongful imprisonment based on the miscalculation of pretrial jail credits. The complaint (ECF No. 1) is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"). Also pending is the plaintiff's application to proceed *in forma pauperis*. (ECF No. 2.).

**A. Application to Proceed as a Pauper**

Because it appears from his submissions that the plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance, the application (ECF No. 2) is **GRANTED**.

However, under § 1915(b), the plaintiff nonetheless remains responsible for paying the full filing fee. Accordingly, the plaintiff is hereby **ASSESSED** the full $350 filing fee, to be paid as follows:

(1) The custodian of the plaintiff's inmate trust-fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to the plaintiff's account; or (b) the average monthly balance in the plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust-fund officer must withdraw from the plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to the plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this Court as required by this order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify the plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this order to the Administrator of the Dickson County Jail, where the plaintiff is presently incarcerated, to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian of his inmate trust-fund account **MUST** ensure that a copy of this order follows the plaintiff to his new place of confinement for continued compliance with this order.

**B. Initial Review of the Complaint**

For purposes of the initial review required by 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court finds that in order to recover damages for the alleged miscalculation of his pretrial sentence credits, the plaintiff "must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying . . . sentence." *Muhammed v. Close*, 540 U.S. 749, 751 (2004). This action is therefore **DISMISSED WITHOUT PREJUDICE**.

It is so **ORDERED**.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT